```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| JAN K. WEAVER,           )<br>      Plaintiff,       )<br>                          )<br>      v.                  )<br>                          )<br>THE COMMONWEALTH OF       )<br>MASSACHUSETTS,            )<br>      Defendant.          )<br>                          ) | Civil Action No.<br>12-11115-NMG |

**MEMORANDUM AND ORDER**

**GORTON, J.**

   For the reasons set forth below, the Court dismisses this action.

   On June 21, 2012, Jan Kevin Weaver filed a self-prepared complaint in which he alleged that, in 2000, his employment was wrongfully terminated by his employer, the Commonwealth of Massachusetts.  Weaver alleged that the Commonwealth discriminated against him on the basis of his race.

   In a memorandum and order dated July 23, 2012 (#4), the Court granted Weaver's motion to proceed in forma pauperis and directed him to show cause why the action should not be dismissed for failure to state a claim upon which relief may be granted.  The Court explained that the action was barred by the statute of limitations.

   On July 31, 2012, Weaver filed a response to the show cause order (#5).  He does not address the statute of limitations--he only reiterates his allegations that he was wrongfully

terminated.  Invoking the Freedom of Information Act, Weaver also asks that the Court require the Commonwealth of Massachusetts to provide Weaver with documents concerning the termination of his employment.

Because Weaver's response does not show that his suit was timely filed, the Court dismisses the action for the reasons stated in the July 23, 2012 memorandum and order.[1]

Accordingly, this action is dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

**So ordered.**

        /s/ Nathaniel M. Gorton
        Nathaniel M. Gorton
        United States District Judge

Dated: 10/10/12

---

[1] The Court also notes that the federal Freedom of Information Act does not apply to states.  See 5 U.S.C. § 551(1). To the extent that the plaintiff seeks access to his employment records under state law, the Court is without jurisdiction to entertain such a claim.